IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RANDY JAY SMITH,

    Plaintiff,

v.

STEVEN SCHNEIDER AND NEIL JENSON,

    Defendants.

ORDER

Case No. 14-cv-226-wmc

Plaintiff Randy Jay Smith, a patient at Sand Ridge Secure Treatment Center in Mauston, Wisconsin, has filed a proposed civil complaint. Plaintiff requests leave to proceed without prepayment of the filing fee. To the extent plaintiff wishes to proceed without prepaying the filing fee, he must submit a certified copy of his patient account statement (or institutional equivalent) for the six-month period immediately preceding the date of the complaint.

This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. *See Longbehn v. United States,* 169 F.3d 1082 (7th Cir. 1999). From a six-month patient account statement covering the period immediately preceding the filing of the plaintiff's complaint, the court calculates two amounts, 20% of a plaintiff's average monthly income and 20% of a plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the filing fee. Plaintiff will qualify for indigent status with respect to the remainder of the fee. (The *in forma pauperis* statute does not permit a court to waive entirely a plaintiff's obligation to pay filing fees. All it does is

1

allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

For this case to proceed, plaintiff must submit the certified account statement no later than April 18, 2014.  If plaintiff is found to be indigent, I will calculate an initial partial payment amount that must be paid before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2).  Thereafter, plaintiff will be required to pay the balance of the filing fee in installments.  If plaintiff does not submit the six-month patient account statement, I will assume that he wishes to withdraw this action voluntarily.

ORDER

IT IS ORDERED that plaintiff Randy Jay Smith may have until April 22, 2014 to submit a patient trust fund account statement for the period beginning approximately September 18, 2013 and ending approximately March 18, 2014.  If, by April 22, 2014, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily.  In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

Entered this 25th day of March, 2014.

BY THE COURT:

/s/

PETER OPPENEER
Magistrate Judge